# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT COURT OF DELAWARE

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE  19801

May 13, 2008

**Plaintiff**
**James Coppedge on behalf of**               Pro Per
**Coppedge Real Estate, LLC/Judgment Creditor**
**3742 N. 18th Street**
**Philadelphia, Pennsylvania, [19140]**

Vs.

**DEFENDANTS**
SAUL, EWING, ESQUIRE
222 DELAWARE AVENUE
WILMINGTON, DELAWARE  19801-1611

MICHAEL R. ROBINSON, ESQUIRE
222 DELAWARE AVENUE
WILMINGTON, DELAWARE  19801-1611

FRANK LOVE, ESQUIRE
1500 MARKET STREET
PHILADELPHIA, PENNSYLVANIA  19102

STATED CLAIM: This is an Affidavit of Tortious Interference Contractual Relationships Claim against the above DEFENDANTS under Title 42: 241 and 242.

To the Clerk of US Court:

   Whereas since the DEFENDANTS refused to cease and desist harassment of the Plaintiff by tortious interference of a Contractual Relationship between the CITY OF PHILADELPHIA, ET AL, as stated in the contract complaints #08-1250, #07-684, #07-763, and #07-846, this suit forbids such interference.  The DEFENDANTS do not have a contract with the Plaintiff to interfere with the ongoing dispute with the CITY OF

PHILADELPHIA, ET AL. Therefore, DEFENDANTS have neither jurisdiction nor right to interfere with Irrevocable Contracts with the DEFENDANTS by default. The DEFENDANTS have neither jurisdiction nor right to request or file anything on behalf of the CITY OF PHILADELPHIA, ET AL which would hinder, delay or distort the contracts because they are irrevocable. The DEFENDANTS therefore have no legal standing to interfere.

Whereas the DEFENDANTS have ignored the default terms listed in the contract affidavits which makes them liable for interfering with these irrevocable terms. The contracts between the Plaintiff and the CITY OF PHILADELPHIA, ET AL are also International Irrevocable Contracts. Therefore, the DEFENDANTS having ignored the default terms listed in the affidavits addressed to the CITY OF PHILADELPHIA, ET AL causes the DEFENDANTS to waive any rights to use Federal Rules of Civil Procedure 12(B), and also the DEFENDANTS waived proof of service. Registered or Certified Mail will be considered good services without question.

Furthermore, you have seventy two (72) hours upon receipt of this tortuous interference claim to produce a contract between us prior to anything I filed in Federal Court or face other default terms for interfering with the contracts between the CITY OF PHILADELPHIA, ET AL and the Plaintiff.

SAUL EWING, ESQUIRE, LLP is being sued for $500,000.00 for tortuous interference if he fails to produce a contract between us. MICHAEL R. ROBINSON, ESQUIRE, and FRANK LOVE, ESQUIRE are sued for $100,000.00 each if they too fail to produce a contract between us which does not exist.

Furthermore, motion the court to cancel all filings against the Plaintiff and enforce the contracts in the above complaints.

Furthermore, you must respond to the Notary Public listed below.

Respectfully In Christ,

*[signature]*
**James Coppedge**
ucc 3-419, 1-201(27)(3J)

ON THIS 14TH DAY OF MAY, 2008
JAMES COPPEDGE APPEARED
BEFORE ME BENJAMIN T. GARRETT
A NOTARY PUBLIC FOR THE STATE OF
DELAWARE, COUNTY OF KENT.

*[signature]*
COM EXP
09-06-11

